GRODZICKI *v.* REVERE COPPER & BRASS, INC.

1. MASTER AND SERVANT—DURATION OF COMPENSATION—TOTAL DISABILITY.

> Employee is entitled to compensation for period of not more than 500 weeks from date of injury rather than 500 weeks from commencement of total disability which took place about six months later (2 Comp. Laws 1929, § 8425).*

2. SAME—WEIGHT OF EVIDENCE—BLINDNESS.

> Award to employee for blindness alleged to have been caused by injury to eye, sustained by some evidence, is affirmed on appeal in the nature of certiorari although weight of evidence is decidedly against finding for plaintiff.

Appeal from Department of Labor and Industry. Submitted April 4, 1934. (Docket No. 20, Calendar No. 37,591.) Decided July 2, 1934.

Andrew Grodzicki presented his claim against Revere Copper & Brass, Incorporated, for accidental injuries sustained while in defendant's employ. Award to plaintiff is reviewed by defendant by appeal in the nature of certiorari. Affirmed.

*William A. Rhodes* (*Daniel P. O'Brien,* of counsel), for plaintiff.

*Clark, Klein, Ferris & Cook,* for defendant.

POTTER, J.   Certiorari by defendant to the department of labor and industry. Plaintiff filed a claim against defendant for injury to his eye while employed by defendant. He claimed that while in defendant's employ he was operating a grinder in its plant and, August 15, 1930, a piece of brass got in his eye and as a result thereof he became blind.

---

* This paragraph of the syllabi is written in view of the court order that the judgment be modified in accordance with opinion of POTTER, J.—REPORTER.

He claims, at the time of the injury, he reported it to one Stanley Adamcjyk in charge, in the absence of the foreman, but who was unable to remove the piece of brass from plaintiff's eye and sent him to one Pete Gora who removed the piece of brass; that plaintiff later informed his foreman, Paul Matusik. The blindness of plaintiff is admitted. The important question is whether there is proof of causal connection between the injury and petitioner's blindness. The department found that while they could not positively say the injury caused the blindness, there was sufficient evidence to justify the finding of the deputy commissioner that it did. Appellant claims there is no testimony to support plaintiff's claim; if there was testimony, the award made was too much, and if the testimony and the award are correct, the amount awarded did not begin to run at the right time. There is proof plaintiff was an employee of defendant, getting 55 cents an hour and, at the time of the injury, was operating a grinder, in defendant's plant; that plaintiff got a piece of brass in his eye; reported it to the acting foreman who sent him to a fellow workman who removed the piece; that he reported his injury to the foreman; that he told a nurse employed by defendant what had happened; that after the injury plaintiff had a burning feeling in his eye for about three months, and after about six months could not see from either eye; that before his injury he could see all right, but after the injury tears came into his eye and he could not see; that the assistant foreman of defendant took him off the work on the grinder and put him at work in the shipping room; that plaintiff did not stop working. Later when an examination was made of workmen it was discovered plaintiff could not see and he was discharged. It

is conceded he has no useful vision. After plaintiff became blind he went with his brother-in-law to defendant who gave the brother-in-law work so plaintiff could be supported. There is some dispute as to what hours plaintiff worked, but in response to questions by the deputy commissioner he testified he went to work at seven o'clock in the morning and worked until five o'clock at night, and worked that way for four years.

Plaintiff was treated by one Millbrand, a physician at Croswell for some months. Eventually he went to Eloise hospital and at the time of the hearing was a public patient. There is, we think, sufficient testimony to justify the finding of the deputy commissioner. Dr. James testified the condition of blindness could have resulted from the injury and that such injury undoubtedly set up a low inflammation which affected both eyes. A cross-examination did not vary this testimony. Dr. William Evans was sworn by defendant who interpreted certain X-ray films. Dr. Pino, a physician employed by defendant, testified to plaintiff's blindness, said such blindness might result from certain conditions other than the injury but he did not testify as to the existence of any of these conditions. Dr. Parker Heath, who never saw plaintiff, also testified that many causes, none of which are shown to have existed, might have caused blindness. Dr. Gurdjian testified the plaintiff might have conjunctivitis or an infection of the eye and that there was a remote possibility only that it might have resulted from the injury; and he testified quite fully as to the manner in which a piece of brass, if it got into plaintiff's eye, might have traveled as a foreign body in various places in the eye. The substance of all the testimony is that the injury which plaintiff complained of might have

caused the injury, and there is no testimony it resulted from anything else. This was sufficient to warrant the finding made when considered in connection with the conditions testified to by plaintiff. Plaintiff's testimony indicated he worked nine hours a day, allowing an hour for noon; that he received 55 cents an hour; if he did, 66⅔ of his weekly wage would be $19.80 and would warrant the finding of the department of $18 a week.

Plaintiff was injured August 15, 1930. February 23, 1931, it was discovered he was blind, at which time he was discharged. The department of labor and industry awarded compensation for total disability for 500 weeks from February 23, 1931. The statute provides:

"In no case shall the period covered by such compensation be greater than 500 weeks from the date of injury." 2 Comp. Laws 1929, § 8425.

If the award of total disability begins from the date of injury, then plaintiff would be awarded compensation for a period when he was not totally disabled and when he was working and earning wages, and if we should deduct the wages earned by plaintiff from the date of injury to the date of total disability from the award, plaintiff would not be entitled to anything for such intervening period because his average weekly wages during the period of employment exceeded the compensation awarded by the commission. If he had made a claim of partial disability and been awarded compensation from the date of injury to the date of blindness, defendants, we have held, would not be entitled to claim credit for such payments. *Stammers* v. *Banner Coal Co.,* 214 Mich. 215. Under the statute as it stood prior to Act No. 64, Pub. Acts 1919, plaintiff would have

been entitled to compensation for a full 500 weeks. 2 Comp. Laws 1915, § 5439. But in *Lakso* v. *Munro Iron Mining Co.*, 243 Mich. 261, in commenting upon the prior statute and Act No. 64, Pub. Acts 1919, it is said:

"The amendment increases the maximum amount to be paid for all compensation and provides that the 500 weeks' period shall begin from the date of the injury."

The award of the department of labor and industry will be modified so the 500 weeks will begin to run from the date of injury, and as so modified, will be affirmed.

NELSON SHARPE, C. J., and NORTH, J., concurred with POTTER, J.

WIEST, J. (*concurring.*)  Under the rulings regulating review by certiorari I am constrained to join in affirmance of the award.

I think the weight of evidence decidedly against plaintiff, but the board held otherwise and, as there was some evidence, though weak, in support of the finding, I am barred from holding in accord with the great weight of the evidence.

FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with WIEST, J.