REGIS *v.* LANSING DROP FORGE COMPANY

1. WORKMEN'S COMPENSATION—LAST EMPLOYER—REINJURED BACK.
    Lansing Drop Forge Division was liable for the compensation payments to plaintiff as his employer where plaintiff originally injured his back on May 19, 1966, while employed by the Lansing Drop Forge Company, received compensation benefits and then, on October 10, 1966, began working for Lansing Drop Forge Division where, while in the course of his employment, he reinjured his back (MCLA § 412.1).

2. WORKMEN'S COMPENSATION—FINDING OF FACT.
    Findings of fact of the Workmen's Compensation Appeal Board are conclusive and binding on the Court of Appeals (CL 1948, § 413.12).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 June 8, 1970, at Lansing. (Docket No. 7,699.) Decided July 31, 1970. Leave to appeal denied December 15, 1970. 384 Mich 789.

Maurice Regis presented his claim for workmen's compensation. Benefits granted, providing that Lumbermens Mutual Casualty Company, workmen's compensation carrier for Lansing Drop Forge Company, pay the benefits. Lumbermens Mutual Casualty Company appealed to the Workmen's Compensation Appeal Board, which found liability for payment in Lansing Drop Forge Division of Fed-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 84, 132, 133, 341, 342, 352.
[2] 58 Am Jur, Workmen's Compensation § 530.

eral Drop Forge Company. Lansing Drop Forge Division, Federal Drop Forge Company, appeals by leave granted. Affirmed.

*E. R. Whinham, Jr.*, for Lansing Drop Forge Division, Federal Drop Forge Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for Lumbermens Mutual Casualty Company.

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

Per Curiam. This case comes to the Court of Appeals by way of leave to appeal granted from a decision of the Workmen's Compensation Appeal Board. The plaintiff in this case injured his back during the course of his employment and is clearly entitled to benefits, the only question on appeal being which party must pay the compensation.

The plaintiff originally injured his back on May 19, 1966, while employed by the Lansing Drop Forge Company (hereinafter referred to as Forge Company), which was insured by Lumbermens Casualty Company (hereinafter referred to as Lumbermens). Lumbermens paid plaintiff compensation benefits for his initial injury until October 10, 1966, at which time the plaintiff began working for Lansing Drop Forge Division of the Federal Drop Forge Company (hereinafter referred to as Forge Division).

On March 9, 1967, plaintiff while in the course of his employment with Forge Division reinjured his back. At the time of this incident, Forge Division was a self-insurer. On April 19, 1967, Forge Division filed a "petition for determination of rights" with the Workmen's Compensation Depart-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment wherein it asked for a determination of who should pay compensation for plaintiff's disability.

The workmen's compensation referee found that plaintiff's disability could be related to injuries sustained on both May 19, 1966 and March 9, 1967, and that either party could be held liable as a matter of law. The referee determined that Lumbermens should pay the benefits because it seemed more equitable.

This decision was appealed to the Workmen's Compensation Appeal Board which reversed, placing the liability on the Forge Division as a self-insurer on the authority of MCLA § 412.1 (Stat Ann 1968 Rev § 17.151), which provides in part:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

Since the Forge Division was the last employer, the board reasoned that it should be liable for the compensation payments. After finding that the plaintiff's disability was due to both the 1966 and the 1967 injuries the board concluded:

"It is therefore evident that the state of disablement for which this employer is liable cannot be attributed to a single event. In such case we believe the above quoted provision [MCLA § 412.1 (Stat Ann 1968 Rev § 17.151)] controls and the party responsible for the employer's liability on the last day of work in the employment in which the employee was last subjected to the condition resulting in disability must be charged with payment of the compensation accruing. We so hold. An order shall enter modifying the referee's order accordingly."

It is clear that Forge Division, as a self-insurer, is liable for the compensation payments to plaintiff as his last employer. *Smith* v. *Lawrence Baking Company* (1963), 370 Mich 169. Furthermore, the appeal board's findings of fact that plaintiff's injury cannot be attributable to a single event and that Forge Division was the employer at the time that the plaintiff was last subjected to the conditions resulting in disability are supported by the record. These findings are conclusive and binding on this Court. CL 1948, § 413.12 (Stat Ann 1968 Rev § 17.186); *Coates* v. *Continental Motors Corp.* (1964), 373 Mich 461; *Whitt* v. *Brunswick-Balke-Collender Company* (1965), 1 Mich App 494.

Judgment affirmed.