BULLARD v. MULT-A-FRAME COMPANY
SKELTON v. CHRYSLER CORPORATION
BELLOWS v. ACME INDUSTRIES, INC.
HOPSON v. AMERICAN SEATING COMPANY

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—1965 AMENDMENT—APPLICABILITY—
EFFECTIVE DATE.

The higher rates of benefits provided by the 1965 amendatory act to the Workmen's Compensation Act apply as to those workers who suffered their personal injuries on or after the effective date of the amendatory act; the concept of an "accruing cause of action" is irrelevant when applying the 1965 amendment (PA 1965, No 44).

2. WORKMEN'S COMPENSATION—"PERSONAL INJURY"—DEFINITION—
SUBSEQUENT DISABILITY.

"Personal injury" as used by the Legislature in the Workmen's Compensation Act is equated with "original accident" and is distinguished from subsequent disability or incapacity (MCLA § 412.15).

3. WORKMEN'S COMPENSATION—"PERSONAL INJURY"—1965 AMEND-
MENT—APPLICATION—SUBSEQUENT DISABILITY.

A workmen's compensation claimant who suffered an injury to his finger before September 1, 1965 and who, after medical treatment failed, had to have his finger amputated in 1965 suffered "personal injury" for the purposes of the 1965 amendment to the Workmen's Compensation Act when his finger was

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 73.
[2] 58 Am Jur, Workmen's Compensation § 194.
[3, 7] 58 Am Jur, Workmen's Compensation §§ 278, 279.
[4] 58 Am Jur, Workmens' Compensation § 282.
[5, 6] 50 Am Jur, Statutes § 190 et seq.

injured; the amputation was not a personal injury, but a directly-related consequence of the injury; the workman's injury occurred when he was on his job, not when he was receiving subsequent medical care (MCLA § 412.15; PA 1965, No 44).

4. WORKMEN'S COMPENSATION—"PERSONAL INJURY"—DATE OF DIS-ABLEMENT—SCOPE OF APPLICATION.

Workmen's Compensation Act's provision that equating personal injury with disability means the disability when a worker *first* becomes unable to pursue his occupation for wages because of some physical impairment and was meant to apply to a disability where the exact date of the cause of the disability was difficult if not impossible, to ascertain (MCLA § 417.2).

5. STATUTES—ONE OBJECT—REQUIREMENT—PURPOSE—CONSTITUTION-AL LAW.

The purpose of the constitutional provision that no law shall embrace more than one object which shall be expressed in its title and that no bill shall be altered or amended on its passage through either house so as to change its original purpose is to protect legislators from passing a law not fully understood, to fairly notify them of its design, and to inform them and interested persons that only provisions germane to the object therein expressed will be enacted (Const 1963, art 4, § 24).

6. WORKMEN'S COMPENSATION—1965 AMENDATORY ACT—INCREASED BENEFITS—APPLICATION ONLY TO INJURIES AFTER EFFECTIVE DATE.

The 1965 amendatory act to the Workmen's Compensation Act increasing benefits awardable but only as to injuries occurring after the amendment's effective date does not violate the constitutional provision that no law shall embrace more than one object since the Legislature's expressed desire as to whom the act should apply is without question "germane" to the object of the act (Const 1963, art 4, § 24, and PA 1965, No 44, § 3).

CONCURRENCE BY LEVIN, J.

7. WORKMEN'S COMPENSATION—"DATE OF INJURY"—WORDS OF ART—PAST JUDICIAL CONSTRUCTION.

*"Date of injury" as used in the 1965 amendment to the Workmen's Compensation Act means the date of the accident and not the date of the occurrence of a further development of the injury suffered in the accident (PA 1965, No 44).*

Appeals from the Workmen's Compensation Appeal Board. Submitted Division 2 February 4, 1971, at Detroit. (Docket Nos. 6919, 6925, 6973, 8608.) Decided May 21, 1971. Leave to appeal denied as to Hopson July 21, 1971, and as to Skelton and Bellows August 4, 1971. 385 Mich 772, 776.

James A. Bullard presented his claim for workmen's compensation against Mult-A-Frame Company and its insurer, Michigan Mutual Liability Company; Richard Skelton presented his claim for workmen's compensation against the Chrysler Corporation; Nicholas Bellows presented his claim for workmen's compensation against Acme Industries, Inc., and its insurer, Liberty Mutual Insurance Company; and James L. Hopson presented his claim for workmen's compensation against American Seating Company and its insurer, Liberty Mutual Insurance Company. Compensation denied as to all claimants. Plaintiffs appeal. Appeals consolidated because of similar facts and common question of law. Affirmed as to all cases.

*Thomas, Saunders & Gualtieri,* for plaintiff Bullard.

*Kelman, Loria, Downing & Schneider* (by *John W. Simpson, Jr.*), for plaintiffs Skelton and Bellows.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff Hopson.

*LeVasseur, Werner, Mitseff & Brown* for defendants Mult-A-Frame Company and Michigan Mutual Liability Company.

*Lacey & Jones* (by *F. L. Sylvester*), for defendant Chrysler Corporation.

*Troff, Lilly, Piatt, File & Doyle,* for defendants Acme Industries, Inc. and Liberty Mutual Insurance Company.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants American Seating Company and Liberty Mutual Insurance Company.

Before: Bronson, P. J., and R. B. Burns and Levin, JJ.

R. B. Burns, J. All four plaintiffs in this consolidated appeal seek this Court's rejection of the Workmen's Compensation Appeal Board's interpretation of Michigan law.[1]

The facts essential for our determination are few and uncomplicated. Plaintiff James Bullard injured his eye on January 7, 1965, and complete loss of vision occurred on February 19, 1966.[2] Plaintiff Richard Skelton injured his index finger on September 12, 1964. After all attempts at treating the finger had failed, it was amputated on July 21, 1966. Plaintiff Nicholas Bellows injured his foot on January 26, 1961. Following unsuccessful treatment, amputation occurred on January 5, 1966. Plaintiff James Hopson injured his eye on April 15, 1964, but loss of vision did not occur until March 3, 1966.[3]

---

[1] The facts of these cases are not in dispute. The factual findings as made by the board are supported by the record. We must accept these findings as valid. *Scroggins* v. *Corning Glass Company* (1969) 382 Mich 628; Const 1963, art 6, § 28.

[2] The workmen's compensation act in effect on this date provided that an 80% loss of vision in one eye constituted total loss of that eye. MCLA § 412.10(a)(16) (Stat Ann 1968 Rev § 17.160 [a][16]).

[3] Fn 2, *supra.*

All of the plaintiffs have one legally significant fact in common. Between the dates of their injuries and the dates of their personal physical losses the workmen's compensation amendatory act of 1965[4] became effective.[5] This act, among other things, increased the level of benefits paid to qualifying injured workers. Plaintiffs argue that they are entitled to the higher rates because their personal losses occurred subsequent to the effective date of September 1, 1965.

In support of their argument they cite the case of *Allen* v. *Kalamazoo Paraffine Co.* (1945), 312 Mich 575. In *Allen* the Michigan Supreme Court determined that when a specific loss occurs subsequent to the original injury the proper rate of payment for the specific loss is that rate in effect at the time the specific loss occurs. The facts in the *Allen* case are very similar to the situations involved in these cases. The Court in *Allen* very generously qualified the injured plaintiff for the higher rates on the grounds that the "cause of action for the loss * * * accrued when the loss occurred". *Allen, supra,* p 577. The Court was free to apply equitable principles in the *Allen* case; we are not. In clear and unambiguous language the Legislature has rendered the *Allen* principle inapplicable to the 1965 amendatory act. An "accruing cause of action" is irrelevant when applying the 1965 amendment. The higher rates of the act apply only to those workers who suffer their "personal injuries" on or after September 1, 1965:

"All of the provisions of this 1965 amendatory act shall apply *only to personal injuries the date of*

---

[4] PA 1965, No 44.

[5] September 1, 1965. PA 1965, No 44, § 4. In addition to the act itself this act may be found in the historical notes associated with the following: MCLA §§ 411.2a, 412.3 (Stat Ann 1968 Rev §§ 17.142[1], 17.153).

*injury of which occurs on or after the effective date of this act*.[6]   (Emphasis supplied.)

The effective date of this act was September 1, 1965.[7]

All of the personal injuries suffered by plaintiffs antedate September 1, 1965.  Plaintiffs contend, however, that their "personal losses", occurring after the effective date, were "personal injuries" within the meaning of the amendatory act.  Although we highly sympathize with plaintiffs' tragic losses, we are constrained to hold otherwise.  Plaintiffs' post-effective-date physical losses were not "personal injuries"; they were instead the directly-related and unfortunate consequences of their pre-effective-date injuries.

We cannot assign to the phrase "personal injury" the unnatural meaning plaintiffs urge us to give it.[8]  It is the Court's duty to construe legislation as it reads, without resorting to contorted definitions in the name of equitable considerations.  *Shaw* v. *Lakeway Chemicals, Inc.* (1966), 3 Mich App 257.

The injuries to plaintiffs were inflicted when they were on their jobs and not when they were receiving subsequent medical care.

---

[6] PA 1965, No 44, § 3.  Section 3 also contains this expressed legislative intention in relation to the new benefit rates: "It is the intent of the legislature that in all cases where the date of injury is on or after the effective date of this amendatory act * * * such employee shall receive * * * the increased maximum rate".  This expressed legislative desire has been carried over into the Workmen's Compensation Act of 1969: "To the extent that they are reenacted herein, all the provisions of former act No 44 of the Public Acts of 1965 * * * shall apply only to personal injuries the date of which occurs on or after September 1, 1965." PA 1969, No 317, § 891(1), MCLA 1971 Cum Supp § 418.891(1) (Stat Ann 1971 Cum Supp § 17.237[891][1]).

[7] PA 1965, No 44, § 4.

[8] "All words and phrases shall be construed and understood according to the common and approved usage of the language * * * ."  MCLA § 8.3a (Stat Ann 1969 Rev § 2.212[1]).  *Goethal* v. *Kent County Supervisors* (1960), 361 Mich 104; *Grand Rapids Gravel Company* v. *Department of Treasury* (1968), 14 Mich App 677.

A careful reading of MCLA § 412.15 (Stat Ann 1968 Rev § 17.165) pursuades us the Legislature equated "personal injury" with "original accident" and distinguished personal injury from subsequent disability or incapacity.

Plaintiffs, however, point to the words in MCLA § 417.2 (Stat Ann 1968 Rev § 17.221)[9] equating "personal injury" with "disability" and contend that since their personal losses disabled them they were personally injured at the date of disablement. After careful analysis of the section we cannot agree. When it equates personal injury with "such" disability it is referring to disability as defined in the section immediately preceding it.[10] The preceding section refers to a situation where a worker *first* becomes unable to pursue his occupation for wages because of some physical impairment. It is not authority for the proposition that a worker may be disabled twice from the same accident. The section was meant to apply to a disability where the exact date of its causes was difficult, if not impossible, to ascertain. The solution was to make the date of disability the date of personal injury for purposes of applying the procedures and practices of the Workmen's Compensation Act. There is no problem in determining the dates of the causes of plaintiffs' disabilities. Plaintiffs were in the "state of being disabled" when they were first injured and the subsequent physical losses were only further complications of their disablement.[11]

---

[9] "The disablement of an employe resulting from *such disease or disability* shall be treated as the happening of a personal injury within the meaning of this act  *  *  *  ." (Emphasis supplied.)

[10] MCLA § 417.1(a) (Stat Ann 1968 Rev § 17.220[a]) which defines disability as "*the state of being disabled* from earning full wages at the work in which the employe was last subjected to the conditions resulting in disability". (Emphasis supplied.)

[11] Disablement is defined as the "event of becoming  *  *  * disabled". MCLA § 417.1(b) (Stat Ann 1968 Rev § 17.220[b]).

We hold that plaintiffs were not entitled to the higher benefit rates of the 1965 amendatory act since their personal injuries preceded the effective date of the act.

Plaintiffs next claim that irrespective of the meaning to be given § 3 of the amendatory act, its constitutional invalidity precludes its application. More specifically they assert that § 3 violates the following provision of the Michigan constitution:

"No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either House so as to change its original purpose as determined by its total content and not alone by its title." Const 1963, art 4, § 24.

The purpose of this constitutional provision was succinctly stated by Justice Dethmers in *Leininger* v. *Secretary of State* (1947), 316 Mich 644, 649:

" * * * to protect legislators from passing a law not fully understood, to fairly notify them of its design, and to inform them and interested persons that only provisions germane to the object therein expressed will be enacted."

The Legislature's expressed desire as to whom the amendatory act should apply is without question "germane" to the object of the 1965 amendatory act. Section 3 is likewise embraced within the purposes envisioned by the amended act.[12] See *Detroit Board of Street Railway Commissioners* v. *County of Wayne* (1969), 18 Mich App 614. Plaintiffs' claim of constitutional infirmity is without merit.

Affirmed. No costs.

Bronson, P. J., concurred.

---

[12] See MCLA title immediately preceding § 411.1 (Stat Ann 1968 Rev title immediately preceding § 17.141). See, also, 1 Sutherland, Statutory Construction (3d ed), § 1908, p 342.

Levin, J. (*concurring*). The plaintiffs have failed to present any evidence that the Legislature used the term "date of injury" in the 1965 amendatory act in a sense different from the meaning ascribed to that term by the Michigan Supreme Court in *Grodzicki* v. *Revere Copper & Brass, Inc.* (1934), 268 Mich 143, and *Addison* v. *W. E. Wood Co.* (1919), 207 Mich 319, 325. In those cases the Supreme Court construed that term, as used in the Workmen's Compensation Act, to mean the date of the accident, not the date of the occurrence of a further development of the injury suffered in the accident. See, also, *Nieminen* v. *Isle Royale Copper Co.* (1921), 214 Mich 212.

In the light of that decisional law, we could not properly say that the words chosen to reflect the legislative purpose—words of art under the Workmen's Compensation Act—have a doubtful meaning.

It may be that the Legislature did not focus at all on the atypical further development factual situation when the retroactivity-prospectivity language was written. If there were evidence either in the structure of the act or in the form of legislative history or otherwise to support that supposition or the plaintiff's claim that the legislative purpose was limited to barring retroactivity in the typical case of temporary total disability, then, indeed, whatever form of words was used in stating the rule of prospectivity in the 1965 amendatory act, the doctrine elucidated in *Allen* v. *Kalamazoo Paraffine Co.* (1945), 312 Mich 575, would not have been superseded.

We may not, however, properly substitute a hunch for concrete evidence either that the Legislature did not concern itself with the question or that it intended to ascribe a special meaning in this instance to the term of art "date of injury".