BROWN v WARREN IRON & METAL COMPANY

1. WORKMEN'S COMPENSATION—TOTAL DISABILITY—PERIOD OF COMPENSATION—DATE OF INJURY.

The "date of injury" specified in the statute as the commencement date for workmen's compensation benefits for total disability means the date of the original accident rather than the date of subsequent disablement (MCLA 412.9[a]).

2. WORKMEN'S COMPENSATION—PERIOD OF COMPENSATION—DATE OF INJURY—LAST DAY OF WORK.

The last day of work is not the "date of injury" for purposes of establishing a commencement date for workmen's compensation benefits where the injury is attributable to a single event, and the subsequent worsening of the employee's physical condition did not constitute another injury (MCLA 412.1).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 December 5, 1972, at Detroit. (Docket No. 14081.) Decided January 18, 1973. Leave to appeal applied for.

Joseph C. Brown presented his claim for workmen's compensation against Warren Iron & Metal Company and its insurer, Liberty Mutual Insurance Company. Compensation awarded. Plaintiff appeals. Affirmed.

*Levine & Benjamin, P. C.,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 281 *et seq.*

Before: LESINSKI, C. J., and J. H. GILLIS and PE-
TERSON,* JJ.

J. H. GILLIS, J. On July 31, 1962, while employed
by defendant firm, plaintiff suffered amputation of
the middle, ring, and little fingers when his right
hand was caught in a metal-shearing machine. He
returned to work September 26, 1962, but was paid
specific-loss benefits for 71 weeks by the State
Accident Fund. Plaintiff continued to do the same
work until he retired in 1966 at the age of 62.
Thereafter, he filed a petition claiming total disa-
bility on the basis of the hand-injury residuals, an
old ankle fracture, back problems, and respiratory
problems. The hearing referee denied compensa-
tion.

The Workmen's Compensation Appeal Board
concluded that plaintiff did suffer total disability.
The majority found that the disability resulted
solely from the hand-injury residuals, and awarded
compensation to the plaintiff commencing July 31,
1962, the date of the specific loss. The minority
concluded that disability resulted both from the
hand-injury residuals and the back injury, and
would have awarded compensation from the date
of retirement, December 16, 1966.

The sole issue raised on appeal is whether the
Workmen's Compensation Appeal Board erred in
awarding compensation for total disability from
July 31, 1962, instead of from December 16, 1966.

The applicable section of the statute which was
in effect at the time of this accident read as
follows:

"While the incapacity for work resulting from the
injury is total, the employer shall pay * * * to the
injured employee, a weekly compensation * * * and in

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

no case shall the period covered by such compensation be greater than 500 weeks *from the date of injury* * * * ." (Emphasis supplied.) MCLA 412.9(a); MSA 17.159.

The "date of injury" specified in the statute means the date of the original accident, not the date of subsequent disablement. *Kiviniemi v Quincy Mining Co,* 286 Mich 680 (1938); *Grodzicki v Revere Copper & Brass, Inc,* 268 Mich 143 (1934); *Lakso v Munro Iron Mining Co,* 243 Mich 261 (1928); *Bullard v Mult-A-Frame Co,* 33 Mich App 678 (1971).

Plaintiff's theory is essentially the same as that asserted by the plaintiffs in the *Bullard* case. As we stated there, p 684:

"A careful reading of MCLA § 412.15 (Stat Ann 1968 Rev § 17.165) pursuades *[sic]* us the Legislature equated 'personal injury' with 'original accident' and distinguished personal injury from subsequent disability or incapacity.

"Plaintiffs, however, point to the words in MCLA § 417.2 (Stat Ann 1968 Rev § 17.221)[9] equating 'personal injury' with 'disability' and contend that since their personal losses disabled them they were personally injured at the date of disablement. After careful analysis of the section we cannot agree. When it equates personal injury with 'such' disability it is referring to disability as defined in the section immediately preceding it.[10] The preceding section refers to a situation where a worker *first* becomes unable to pursue his occupation for wages because of some physical impairment. It is not authority for the proposition that a worker may be disabled twice from the same accident. The section was meant to apply to a disability where the exact date of its causes was difficult, if not impossible, to ascertain. The solution was to make the date of disability the date of personal injury for purposes of applying the procedures and practices of the Workmen's Compensation Act. There is no problem in deter-

mining the dates of the causes of plaintiffs' disabilities. Plaintiffs were in the 'state of being disabled' when they were first injured and the subsequent physical losses were only further complications of their disablement.[11]

"[9] 'The disablement of an employe resulting from *such disease or disability* shall be treated as the happening of a personal injury within the meaning of this act * * * .'

"[10] MCLA § 417.1(a) (Stat Ann 1968 Rev § 17.220[a]) which defines disability as *'the state of being disabled* from earning full wages at the work in which the employe was last subjected to the conditions resulting in disability.'

"[11] Disablement is defined as the 'event of becoming * * * disabled.' MCLA § 417.1(b) (Stat Ann 1968 Rev § 17.220[b])."

The cases cited by plaintiff in urging that the "date of injury" should be the last day of work are inapposite, as they are all concerned with diseases or injuries not attributable to a single event. MCLA 412.1; MSA 17.151. Such is not the case here, where the injury *is* attributable to a single event, and the subsequent worsening of plaintiff's physical condition, while entitling him to further compensation, did not constitute another injury.

The decision of the Workmen's Compensation Appeal Board is affirmed. Costs to appellees.

All concurred.