FISHER v K MART CORP

Docket No. 106308. Submitted August 16, 1988, at Grand Rapids.
    Decided February 6, 1989.
    Following proceedings before a hearing officer of the Bureau of
        Workers' Disability Compensation, Eddie P. Fisher was
        awarded benefits payable by K mart Corporation for disabling
        injuries sustained in 1976 and 1978. The hearing officer set the
        award at rates payable in 1978. Defendant brought an appeal
        before the Workers' Compensation Appeal Board, which modi-
        fied the hearing officer's findings in a split decision holding that
        plaintiff's disability was the result of a single injury to his left
        foot in 1976. Accordingly, workers' compensation benefits were
        set at rates payable in 1976. Plaintiff appealed.
        The Court of Appeals *held:*
        A worker is entitled to workers' compensation benefits for his
        inability, as the result of a work-connected injury, to perform
        or obtain work suitable to his qualifications and training. In
        this case, plaintiff's short period of compensable disability in
        1976 ended when he resumed performing his job duties al-
        though he experienced continual pain from the foot injury. A
        second period of compensable disability commenced in 1978
        when plaintiff became unable to work due to aggravated pain.
        The hearing officer was correct in concluding that there were
        two distinct periods of disability for which plaintiff is entitled
        to benefits at rates payable in 1978.
        Reversed.
        MacKENZIE, P.J., dissented and would hold that the question
        whether the condition of plaintiff's foot in 1978 was related to
        his 1976 injury or was instead caused by aggravation attribut-
        able to employment after the 1976 injury is a factual question
        whose determination lies exclusively within the appeal board's
        prerogative. Judge MacKENZIE would affirm the appeal board's
        decision.

WORKERS' COMPENSATION — MULTIPLE PERIODS OF DISABILITY.
    A worker is entitled to workers' compensation benefits for his

REFERENCES
Am Jur 2d, Workmen's Compensation §§ 333 *et seq.*
See the Index to Annotations under Worker's Compensation.

inability, as the result of a work-connected injury, to perform or obtain work suitable to his qualifications and training; thus, where a worker resumes performing his job duties after a short period of disability albeit with continual pain and the pain is aggravated over time to render the worker unable to perform his job duties, there are two distinct periods of disability.

*James E. Gould & Associates, P.C.* (by *James E. Gould*), for plaintiff.

*Sinn, Day, Felker, Chinitz & Lovernick, P.C.* (by *T. F. Felker, Jr.*), for defendant.

Before: MacKenzie, P.J., and McDonald and R. E. Robinson,* JJ.

McDonald, J. Plaintiff appeals from a March 26, 1987, Workers' Compensation Appeal Board decision finding plaintiff's specific event injury in 1976 to be the sole cause of his disability. This matter is before the Court upon a January 29, 1988, order of our Supreme Court remanding the case for consideration as on leave granted. 429 Mich 897. We reverse.

In October, 1976, plaintiff suffered a crushing injury which briefly disabled him when a box of towels weighing approximately fifty pounds fell on his left foot in the course of employment. However, plaintiff was able to return to his regular work of unloading trucks filled with building materials for resale. Although suffering from occasional pain, plaintiff continued to perform his regular duties until October, 1977, when plaintiff slipped at work while alighting from a hi-lo. At that time plaintiff suffered a fractured wrist, for which compensation was voluntarily paid. Plaintiff testified that during the hi-lo accident he "slammed" his

* Former circuit judge, sitting on the Court of Appeals by assignment.

left foot onto the floor causing increased pain. Plaintiff was off work for approximately four months. When plaintiff returned, he was initially given "light duties" as his hand remained in a cast. However, at an unspecified time shortly thereafter, plaintiff returned to his full and complete job duties.

Plaintiff missed no further work from February, 1978, until July 31, 1978, when he left work due to severe pain in his left foot. Plaintiff testified that following his return to work after the 1977 fall, the pain in his left foot became "worse and worse." It was determined that plaintiff had developed arthritis in the injured left foot. On August 3, 1978, plaintiff underwent surgery, a triple arthrodesis, to remove the bony spurs which caused the disabling pain. Following the surgery, plaintiff remained disabled from his original employment.

Plaintiff filed a claim for workers' compensation on June 6, 1979, alleging disability arising from injuries to his left foot, left leg and back. A hearing occurred on December 3, 1980, at which time the hearing officer found plaintiff partially disabled from work-related injuries occurring on October 28, 1976, and July 31, 1978. Compensation was set to reflect the 1978 date of injury. Defendant appealed to the WCAB.

The sole issue facing the appeal board, with disability and plaintiff's entitlement to benefits being conceded, was whether plaintiff's benefits should be paid at the 1976 or 1978 rate. Plaintiff contended his employment subsequent to 1976 aggravated the original foot injury; defendant contended the 1976 single-event injury was the sole engendering cause of plaintiff's subsequent disability.

In a split decision, the appeal board majority found:

In our view, the testimony of Dr. Braunohler and the testimony of Dr. Crain both relate plaintiff's 1978 problems with his left foot to the 1976 injury. A review of the testimony of the plaintiff, in addition to the history he gave the doctors, indicates that there was no new injury to his foot.

We would therefore analyze this case under the parameters established by *Mullins v Dura Corp,* 46 Mich App 52 [207 NW2d 404] (1973). In that case, the Court of Appeals, taking its lead from 3 Larson Workmens' Compensation Law § 95.12, pp 508.130-508.133, held that, as here, where the second injury takes the form merely of a recurrence of the first, then the carrier for the first injury is responsible for the second. In this case, the defendant is self insured. We believe, however, that the same analaysis [sic] should apply. We believe that the facts clearly establish that the plaintiff's disability in 1978 was directly related to his 1976 injury and that no new injury occurred. Benefits, therefore, in our view would be payable at the 1976 rates. Accord, *Osantowski v Pigeon Manufacturing Co,* 131 Mich App 728 [346 NW2d 867] (1984); *Sanders v General Motors Corp,* 137 Mich App 456 [358 NW2d 611] (1984).

In addition, we . . . believe that the plaintiff's injury and subsequent disability in this case is attributable to a single event, that being the 1976 injury. Therefore, Section 301, which governs single event injuries is applicable.

On appeal plaintiff contends the appeal board's finding that no new injury occurred to plaintiff's foot is erroneous and unsupported by competent evidence. In addition, plaintiff claims the appeal board improperly interpreted and misapplied the *Mullins,* case in finding that plaintiff's 1978 injury's relation to the 1976 injury precluded a finding of a subsequent injury date.

This Court's review of a decision of the WCAB is limited to questions of law and a search for evi-

dence supporting the board's findings of fact. *Mullins, supra.*

We believe the WCAB misinterpreted and misapplied *Mullins* in the instant case when it held that the relation between plaintiff's 1978 and 1976 injuries precluded a finding of a new 1978 injury date. An attempt to interpret *Mullins* in the same way was rejected by our Supreme Court in *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978). In *Dressler,* the plaintiff suffered a back injury during the course of his employment at Grand Rapids Die Casting Corporation and was off work for approximately three weeks. He then returned to work and was placed on light duty, which he continued to do for a period of three weeks before being placed back in his regular duties. He performed his regular duties for a few weeks, suffering various degrees of back pain, and eventually quit the job. Thereafter, the plaintiff worked for several other employers performing the same type work as performed at Grand Rapids Die Casting. The plaintiff was eventually discharged by Michigan Plating for frequent absenteeism. The plaintiff filed a petition for compensation alleging he was disabled due to the 1968 fall at Grand Rapids Die Casting and "the repeated trauma in the course of his employment" at Michigan Plating.

Like defendant in the instant case, the defendant in *Dressler* argued the plaintiff's disability was related to or was in effect the same disability suffered after the first injury. Our Supreme Court rejected this argument finding dispositive the plaintiff's return to like work between the original injury date and the plaintiff's last day of work. In determining what constitutes compensable disability the Court looked to Larson's treatise on workers' compensation, which describes compensable

disability as the "inability, as the result of a work-connected injury, to perform or obtain work suitable to the claimant's qualifications and training." 2 Larson, Workmen's Compensation Law, § 57.00. The Court also considered Larson's explanation "that the distinctive feature of the compensation system . . . is that its awards (apart from medical benefits) are made not for physical injury as such, but for 'disability' produced by such injury." *Larson, supra*, § 57.10.

Thus in *Dressler*, although as in the instant case the plaintiff suffered pain during substantially all of his employment from the time of his initial injury, the Court concluded that "the existence of an injury and pain therefrom do not necessarily create disability." *Dressler, supra*, p 253. The Court therefore found that the plaintiff's 1968 disability was not a continuous disability and found a second injury date of the plaintiff's 1970 last day of work at Michigan Plating. "Plaintiff was not disabled despite the pain suffered in his successive jobs, until the pain became so extreme as to force his excessive absence from work . . . ."[1] *Id.*

We believe the facts and rationale underlying the *Dressler* case are applicable to the instant case. Plaintiff herein resumed his regular duties immediately following the 1976 injury and disability. Plaintiff's resumption of his original duties, even though fraught with occasional pain, indicates plaintiff did not suffer from a continuous

[1] We also believe the WCAB improperly relied on *Osantowski v Pigeon Mfg Co*, 131 Mich App 728; 346 NW2d 867 (1984), in support of its finding of no second injury. Not only do we question the analysis in *Osantowksi*, as it appears the Court blurred the line between injury and disability as set forth by the Supreme Court in *Dressler, supra*, by placing an unwarranted emphasis on categorizing and measuring the occurrence of a plaintiff's pain, but the case is factually distinguishable. Here, plaintiff testified to a second incident that precipitated a steady increase in pain.

disability. Rather, plaintiff suffered an injury resulting in a short disability, which disability ended when he resumed his original work. After resuming work, defendant's earlier injury was aggravated to a point where he again became disabled in 1978. As in *Dressler,* this second disability constitutes a second injury date.

We therefore reverse the WCAB's March 26, 1987, decision and reinstate the hearing officer's September 23, 1981, decision.

R. E. ROBINSON, J., concurred.

MACKENZIE, P.J. *(dissenting).* I respectfully dissent.

At issue in this case is whether the condition of plaintiff's foot in 1978 was related to his 1976 injury or was instead caused by aggravation attributable to employment after the 1976 injury. This is a factual dispute, involving the weighing of the evidence, and is a matter exclusively within the appeal board's prerogative. Const 1963, art 6, § 28; *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978). Once it is admitted that there is competent evidence in the record to support the appeal board's determination of any factual dispute, judicial review comes to an end. Here, plaintiff concedes that "both doctors 'relate' plaintiff's complaints to the initial injury in 1976." Because there is competent evidence to support the appeal board's determination that the condition of plaintiff's foot in 1978 was a natural progression of the 1976 injury, I would affirm the decision of the WCAB.