McQUEEN v GREAT MARKWESTERN PACKING COMPANY

1. WORKMEN'S COMPENSATION—SELF-INSURERS' SECURITY FUND—STAT-
   UTES—CONSTRUCTION.

   The Legislature has, as a matter of public policy, chosen to limit
   the liability of the Self-Insurers' Security Fund under the
   provisions of the Workmen's Compensation Act to those em-
   ployees whose employers became insolvent subsequent to No-
   vember 16, 1971 (1971 PA 149, § 537; MCLA 418.537).

2. WORKMEN'S COMPENSATION—SELF-INSURERS' SECURITY FUND—STAT-
   UTES—CONSTRUCTION.

   The Self-Insurers' Security Fund under the provisions of the
   Workmen's Compensation Act is not liable for payments to an
   employee who does not fall within the class of employees to
   whom the fund may make payments (MCLA 418.537).

3. STATUTES—CONSTRUCTION.

   It is a court's duty to construe legislation as it reads, without
   resorting to a contorted construction of the language in the
   name of equitable considerations.

4. WORKMEN'S COMPENSATION—SELF-INSURERS' SECURITY FUND—STAT-
   UTES—CONSTRUCTION.

   The task of expanding the coverage under the Self-Insurers'
   Security Fund of the Workmen's Compensation Act is a legisla-
   tive function, not a judicial function.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 October 10, 1973, at
Lansing. (Docket No. 15697.) Decided January 15,
1974. Leave to appeal granted and remanded to
Workmen's Compensation Department with in-
structions, 391 Mich 823.

Application by Grover McQueen for hearing and
adjustment of a workmen's compensation claim

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4,] 58 Am Jur, Workmen's Compensation §§ 546, 573.
[3] 50 Am Jur, Statutes §§ 217, 219.

against his employer, Great Markwestern Packing Company, and the Self-Insurers' Security Fund. Benefits granted. Defendant Self-Insurers' Security Fund appealed to Workmen's Compensation Appeal Board. Affirmed. Defendant Self-Insurers' Security Fund appeals by leave granted. Reversed.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Block, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James D. Mueller, Philip C. Dean,* and *A. C. Stoddard,* Assistants Attorney General, for Self-Insurers' Security Fund.

*Amicus Curiae: E. R. Whinham, Jr.*

Before: T. M. Burns, P. J., and V. J. Brennan and Van Valkenburg,* JJ.

Van Valkenburg, J. Plaintiff was injured on November 18, 1970, while in the course of his employment at Great Markwestern Packing Company. On that date the company was a self-insurer with respect to its workmen's compensation claims as provided for by MCLA 418.611; MSA 17.237(611). On February 2, 1971, plaintiff filed a petition with the Bureau of Workmen's Compensation alleging that he had been injured on the above mentioned date. On October 1, 1971, Great Markwestern Packing Company filed a petition in United States District Court for an arrangement under Chapter XI of the Bankruptcy Act. On November 29, 1971, plaintiff, by means of a letter to the Fund Administrator, requested payments to

_____

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

be made from the Self-insurers' Security Fund. The Fund denied liability on the grounds that the Fund was liable only to persons entitled to receive benefits from self-insured employers who became insolvent subsequent to the effective date of the act creating the Fund, the effective date being November 16, 1971. Following a hearing, the referee issued a decision on February 21, 1972, which provided in pertinent part:

"that the Self-Insurers' Security Fund established by Public Act 149 of the Acts of 1971, shall made the payments herein ordered in view of bankruptcy proceedings filed by defendants Great Markwestern on or about October 1, 1971 but only as to sums accruing subsequent to the filing of the petition for hearing on February 2, 1971."

The Fund appealed to the Workmen's Compensation Appeal Board and the board affirmed the decision of the referee. On leave granted, the Fund appealed to this Court.

The question here presented is whether the provisions of 1971 PA 149, the act creating the Self-insurers' Security Fund, were intended to be retroactive. Section 537 of 1971 PA 149, the same being MCLA 418.537; MSA 17.237(537), provides in pertinent part:

"(1) The trustees may authorize payments from the self-insurers' security fund upon request to the fund's administrator by a disabled employee who is receiving or is entitled to receive workmen's compensation benefits from a private self-insured employer who becomes insolvent after the effective date of this section and is unable to continue the payments.

"(2) If an employee becomes disabled because of a compensable injury or disease while in the employ of a private self-insured employer who has become insolvent and who is unable to make compensation payments, the

employee may seek payment from the self-insurers' security fund either by request through the fund's administrator or by filing a petition for hearing with the bureau."

There can be no question that subsection (1) of § 537, by empowering the trustees of the Self-insurers' Security Fund to authorize payments to "a disabled employee who * * * is entitled to receive workmen's compensation benefits from a private self-insured employer *who becomes insolvent after the effective date of this section* * * * ", operates as a limitation upon the authority of the trustees to make disbursements from the Fund to any disabled employee of a self-insured employer who became insolvent prior to the effective date of the act creating the Fund. This is dictated by the fact that the Fund is a creature of the Legislature, and thus any authority of the Fund's trustees must flow from some legislative mandate. Since the Legislature specifically empowered the trustees to authorize payments to disabled employees of employers who became insolvent after the effective date of the act, the trustees are without power to authorize disbursements from the Fund for employees of employers who became insolvent prior to the creation of the Fund.

While recognizing the limitation set forth in subsection (1), plaintiff argued and the appeal board held that subsection (2) acted as a "grandfather" clause so as to cover these employees who did not fall within the limitation in subsection (1). Plaintiff and the board felt that the conditional phrase at the beginning of subsection (2) acted as an authorization of payments to employees of self-insured employers who became insolvent prior to the creation of the Fund. The language upon which they relied was:

"If an employee becomes disabled because of a compensable injury or disease while in the employ of a private self-insured employer *who has become insolvent* * * * , the employee may seek payment * * * ."

Plaintiff and the board seize upon the above emphasized language and argue that since it is in the past tense the Legislature obviously was expanding the coverage to employees of self-insured employers who had become insolvent prior to the creation of the Fund. The argument basically is that subsection (1) was intended to provide payments to disabled employees of self-insured employers who became insolvent after the effective date of 1971 PA 149, while subsection (2) was intended to provide payments to disabled employees of self-insured employers who had become insolvent prior to the effective date of the act.

We find the construction given by the appeal board to the language of the above-quoted section of the act to be untenable. To accept the board's interpretation of the language would require this Court to first hold that the Legislature specifically created two different classes of employees in subsection (1), and then hold the Legislature intended that the distinction so emphatically delineated in subsection (1) was of no consequence. Surely had the Legislature intended that all disabled employees of self-insured employers should have a right to claim against the Fund irrespective of when their employers became insolvent, the Legislature would not have used the language of limitation found in subsection (1).

Secondly, we would note that while subsection (1) deals with the power of the trustees to make disbursements from the Fund, subsection (2) deals with the manner in which the employee is to make a claim against the Fund. In light of the

clear delineation of the scope of the power of the trustees to make disbursements contained in subsection (1), we are constrained to hold it is unreasonable to construe the language contained in a prepositional phrase modifying the verb in a conditional clause of a subsection dealing with the manner of filing a claim as somehow expanding the power of the trustees to make disbursements. We would also note that had the Legislature intended the result adopted by the board, the Legislature would not have used the verb "becomes disabled" in the conditional clause, but would rather have used the verb "has become disabled" or "is disabled".

The reasonable construction of the language of § 537 is that subsection (1) defines the class of employees covered (*i.e.,* those whose self-insured employers became insolvent after the act was in effect), while subsection (2) sets forth the manner in which said employees shall file their claims against the Fund. Since plaintiff herein does not fall within that class of employees to whom the Fund may make payments, the Fund is not liable for payments to plaintiff. Accordingly, the decision of the referee and appeal board must be reversed.

While this panel, like the panel in *Bullard v Mult-A-Frame Co,* 33 Mich App 678; 190 NW2d 559 (1971), may sympathize with plaintiff's misfortune, it is this Court's duty to construe legislation as it reads, without resorting to a contorted construction of the language in the name of equitable considerations. Since the Legislature has, as a matter of public policy, chosen to limit the liability of the Self-insurers' Security Fund to those employees whose employers became insolvent subsequent to November 16, 1971, this Court must reluctantly hold that plaintiff has no right to

recover against the Fund. We recognize the inequity of the situation; however, the task of expanding the coverage of the Self-insurers' Security Fund is a legislative function, not a judicial function. See *Komendera v American Bar & Cabinet Manufacturers,* 390 Mich 305; 212 NW2d 173 (1973).

Reversed. No costs, a public question being involved.

All concurred.