LEE v BENTON HARBOR MALLEABLE INDUSTRIES

Docket No. 78-3159. Submitted April 4, 1979, at Lansing.—Decided June 26, 1979.

Alvin Lee became disabled on October 6, 1973, as a result of an injury suffered while on his job with Benton Harbor Malleable Industries. On March 5, 1974, he filed a petition for hearing with the Bureau of Workmen's Compensation. Following a hearing in October, 1974, plaintiff was granted a closed award for the period of October 7, 1973, to July 24, 1974. No benefits were paid to plaintiff on the closed award, Benton Harbor Malleable having filed a voluntary petition in bankruptcy on October 30, 1973, and been declared bankrupt on January 21, 1975. On February 6, 1975, plaintiff made a request for payment to the Self-insurers' Security Fund, which was denied. On April 7, 1975, plaintiff filed a petition for hearing seeking recovery from the Self-insurers' Security Fund. Following a hearing, recovery against the Fund was denied. The Worker's Compensation Appeal Board affirmed the referee's determination on the ground that plaintiff's period of disability ended prior to the date of his petition against the Fund. Plaintiff appeals, arguing that "date of the petition for hearing before the bureau" language of the portion of the Worker's Disability Compensation Act concerning the Self-insurers' Security Fund refers to the original hearing before the Bureau, or, in the alternative, that such language unconstitutionally denied him equal protection of the law. *Held:*

1. The language of the Worker's Disability Compensation Act fixing the date of liability for payment by the Self-insurers' Security Fund refers to the date upon which the claimant files with the Bureau of Workmen's Compensation a claim against the Self-insurers' Security Fund. Such reference to a request for hearing before the Bureau does not refer to the date upon which the claimant files for a hearing on the underlying claim for benefits against the employer.

2. The provisions of the Worker's Disability Compensation

REFERENCES FOR POINTS IN HEADNOTES
[1] [No Reference]
[2] [No Reference]

Act relative to the filing of claims against the Self-insurers' Security Fund have a rational basis and do not deny a claimant the constitutional right of equal protection of the law.

Affirmed.

1. WORKMEN'S COMPENSATION — SELF-INSURERS' SECURITY FUND — HEARING — DATE OF FILING — STATUTES.

The language of the Worker's Disability Compensation Act fixing the date of liability for payment by the Self-insurers' Security Fund as being "the date of the petition for hearing before the bureau" refers to the date upon which a claimant files with the Bureau of Workmen's Compensation a petition for a hearing on his claim against the Self-insurers' Security Fund, rather than the date upon which the claimant files his petition for a hearing on the underlying claim for benefits against the employer (MCL 418.537[3]; MSA 17.237[537][3]).

2. WORKMEN'S COMPENSATION — SELF-INSURERS' SECURITY FUND — CONSTITUTIONAL LAW — EQUAL PROTECTION — STATUTES.

The provisions of the Worker's Disability Compensation Act relative to the filing of claims against the Self-insurers' Security Fund have a rational basis and do not deny a claimant thereunder the constitutional right of equal protection of the law (MCL 418.537; MSA 17.237[537]).

*Butzbaugh, Page, Butzbaugh & Dewane* (by *Stanley L. White),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eileen D. Zielesch,* Assistant Attorney General, for defendant Self-insurers' Security Fund.

Before: R. M. MAHER, P.J., and M. J. KELLY and D. F. WALSH, JJ.

PER CURIAM. Plaintiff, Alvin Lee, was employed by Benton Harbor Malleable Industries when, in September, 1973, he suffered a back injury while on the job. He worked until October 6, 1973, when he became disabled. He filed a petition for hearing with the Bureau of Workmen's Compensation on March 5, 1974. Following an October 22, 1974,

hearing, plaintiff was granted a closed award for the period October 7, 1973, to July 24, 1974. In the meantime, Benton Harbor Malleable had filed a voluntary petition in bankruptcy on October 30, 1973, and was declared bankrupt on January 21, 1975. No benefits were paid to plaintiff on the closed award.

On February 6, 1975, plaintiff made a request for payment to the Self-insurers' Security Fund. This request was denied. On April 7, 1975, plaintiff filed a petition for a hearing seeking recovery from the Self-insurers' Security Fund. Following a hearing, plaintiff was denied relief. The appeal board affirmed on the grounds that plaintiff's period of disability ended prior to the date of his request to the Fund's administrator or the date of his petition against the Fund.

In this appeal, plaintiff argues that the appeal board erred in finding the Self-insurers' Security Fund not liable for payment of compensation for the period preceding the filing of his petition with the Self-insurers' Security Fund. Plaintiff premises this contention on the language of MCL 418.537(2) and (3); MSA 17.237(537)(2) and (3), which state:

"(2) If an employee becomes disabled or dies because of a compensable injury or disease while in the employ of a private self-insured employer who has become insolvent and who is unable to make compensation payments, the employee or a dependent of the employee as defined in section 331 may seek payment from the self-insurers' security fund either by request through the fund's administrator *or by filing a petition for hearing with the bureau.*

"(3) Payments shall not be made from the self-insurers' security fund to an employee or a dependent of the employee as defined in section 331 for any period of disability that is before the date of the request to the

administrator *or the date of the petition for hearing before the bureau."* (Emphasis added).

Because the period of limitations is tolled on "the date of the petition for hearing before the bureau", plaintiff contends that the cited language refers to the MCL 418.847; MSA 17.237(847) petition for hearing filed by plaintiff with the Workmen's Compensation Board on March 5, 1974, rather than the petition against the Fund for payment of benefits which was filed on April 7, 1975.

We reject this argument. In *McQueen v Great Markwestern Packing Co,* 51 Mich App 246, 251; 214 NW2d 882 (1974), a panel of this Court construed the first two subsections of MCL 418.537; MSA 17.237(537) in the following manner:

"The reasonable construction of the language of § 537 is that subsection (1) defines the class of employees covered (i.e., those whose self-insured employers became insolvent after the act was in effect), while subsection (2) sets forth the manner in which said employees shall file their claims *against the Fund.* Since plaintiff herein does not fall within that class of employees to whom the Fund may make payments, the Fund is not liable for payments to plaintiff. Accordingly, the decision of the referee and appeal board must be reversed." (Emphasis Added).

We find that the language of the *Markwestern* Court properly expresses the statutory purpose, which is that subsection (2) details the manner in which qualified employees may file their claims "against the Fund", *i.e.,* either by request through the Fund's administrator or by filing a petition for hearing with the bureau naming the Fund as a party. It stands to reason that MCL 418.537(3); MSA 17.237(537)(3), which repeats the term used

in the antecedent provision, should be interpreted in a consistent manner. Thus, we hold that the day on which the employee files, either by making a request to the Fund's administrator or by petitioning against the Fund before the Bureau, is the commencement date of the Fund's liability to the disabled employee. The Fund is not authorized to make payments for periods of disability prior to this date.

The appeal board did not err by determining that the phrase "petition for hearing" in MCL 418.537(3); MSA 17.237(537)(3) referred to petition against the Self-insurers' Security Fund. Because the record demonstrates that the plaintiff did not file a petition against the Fund until April 7, 1975, the board did not err by concluding that the Self-insurers' Security Fund was not authorized to make payments for the period of plaintiff's disability which occurred prior to April 7, 1975.

Plaintiff also contends that the provisions of MCL 418.537; MSA 17.237(537) unconstitutionally deny him equal protection of the law. We find no merit to this contention because the limitation period embodied in the statute has a "rational basis". *Schigur v Secretary of State,* 73 Mich App 239, 247-248; 251 NW2d 567 (1977), *Renne v Waterford Twp,* 73 Mich App 685; 252 NW2d 842 (1977), *lv den* 400 Mich 840 (1977).

Affirmed.