KUBICSEK v GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—FINDING OF FACT—APPEAL AND ERROR.
   A finding by the Workmen's Compensation Appeal Board of a
   single event injury will not be sustained, where the factual
   findings of the board indicate two separate injuries, each of
   which contributed to the disability.

2. WORKMEN'S COMPENSATION—DATE OF INJURY—MULTIPLE INJURIES
   —STATUTES.
   The appropriate date of injury under the workmen's compensa-
   tion act where the employee received injuries which are not
   attributable to a single event, is the last day of work in the
   employment in which the employee was last subjected to the
   conditions resulting in disability (MCLA 418.301).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 November 13, 1974,
at Lansing. (Docket No. 18938.) Decided January 8,
1975. Leave to appeal applied for.

Claim by Anthony J. Kubicsek against General
Motors Corporation for additional workmen's com-
pensation benefits. Additional benefits granted.
Reversed by the Workmen's Compensation Appeal
Board. Plaintiff appeals. Reversed and hearing
referee's decision reinstated.

*Andrew J. Transue,* for plaintiff.

*Munroe & Nobach, P. C.* (by *Richard P. Shu-
maker),* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 470, 471.
[2] 58 Am Jur, Workmen's Compensation § 214 *et seq.*

Before: Bronson, P. J., and D. E. Holbrook and
V. J. Brennan, JJ.

V. J. Brennan, J. Plaintiff began working for
defendant as a tool and die maker on June 5, 1939.
He suffered an original injury to his back in the
course of his employment on October 27, 1962.
During the next four years, plaintiff obtained sev-
eral periods of sick leave and was rehired after
each period of absence. Plaintiff reinjured his back
on August 26, 1964, and suffered a further injury
to his back on September 9, 1966. Plaintiff has not
worked since September 9, 1966, and he was
granted a total and permanent disability retire-
ment as of October 1, 1967.

From September 9, 1966 to February 1, 1969,
defendant paid workmen's compensation benefits
to plaintiff at the rate of $36 per week on the basis
of the 1964 injury and rates. Plaintiff filed a
petition on December 4, 1969, alleging permanent
and total disability arising out of his personal
injury which occurred on September 9, 1966. On
February 28, 1972, hearing referee Joseph F. Mul-
laney, after finding dates of injury on August 26,
1964 and September 9, 1966, awarded plaintiff $66
per week in total disability benefits from Septem-
ber 9, 1966, until further order of the Workmen's
Compensation Bureau with defendant given credit
for payments made since that time.

Defendant appealed to the Workmen's Compen-
sation Appeal Board. In an opinion dated Novem-
ber 15, 1973, the appeal board made factual find-
ings that plaintiff suffered an original injury to his
back on October 27, 1962, and suffered a further
personal injury to his back in the course of his
employment on September 9, 1966. The appeal
board also noted that plaintiff's condition had not
improved since his total and permanent disability

retirement on October 1, 1967, and that without question he is unemployable in his skilled job.

Despite its finding that plaintiff suffered two separate injuries to his back, the appeal board established a single event injury date of October 27, 1962, and modified the hearing referee's decision by ordering compensation payments accordingly. From this determination, plaintiff appeals. The sole issue raised on this appeal is whether the appeal board properly established a single event injury date after factually finding that plaintiff suffered two separate injuries to his back. We believe that the appeal board has applied an incorrect legal standard to the facts of this case.

The appeal board stated in its opinion that the injury of September 9, 1966, did not cause plaintiff's present disability. The issue, however, is not one of causation, but is rather one of determining whether the subsequent injury suffered by plaintiff on September 9, 1966, contributed in any fashion to plaintiff's disability. In view of the fact that plaintiff's final day of work with defendant coincided with the date of his second back injury, we find it inconceivable that this subsequent injury did not contribute to plaintiff's disability.

The statute which applies to injuries arising out of and in the course of employment as a result of successive events is MCLA 418.301; MSA 17.237(301). In pertinent part, the statute provides:

"Time of injury or date of injury as used in this act * * * in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

In the instant case, having found that plaintiff received two separate injuries to his back in the

course of his employment, the appeal board could not properly attribute plaintiff's "date of injury" to a single event. Therefore, the proper date of injury in this case is September 9, 1966, which was plaintiff's last day of work in his employment.

We hereby reinstate the hearing referee's decision finding an injury date of September 9, 1966, and order compensation payments accordingly.

All concurred.