THICK v LAPEER METAL PRODUCTS COMPANY

Docket No. 48019. Submitted December 8, 1980, at Lansing.—Decided
    February 4, 1981. Leave to appeal applied for.

Marilyn B. Thick was found by the Workers' Compensation
    Appeal Board to be entitled to payment of workers' compensa-
    tion benefits from Transamerica Insurance Group (Transamer-
    ica) for an injury sustained in April, 1969. The Appeal Board
    refused to credit Transamerica for $20,000 paid to claimant
    pursuant to a redemption agreement between Great American
    Insurance Company (Great American) and Mrs. Thick. Mrs.
    Thick was employed by Lapeer Metal Products Company (La-
    peer) and was injured on the job in April, 1969. She experi-
    enced pain from that time until June, 1970, when she was
    operated on for a herniated disc. She returned to work and
    continued working, under restrictions, until December 7, 1973,
    at which time she experienced sharp pain in the same area of
    her back in which surgery had been performed. Transamerica
    was Lapeer's insurance carrier through June 30, 1969, at which
    time Great American became the carrier. Great American
    continued to be Lapeer's carrier through December 7, 1973.
    Transamerica paid benefits to Mrs. Thick for the period she
    was off work due to the surgery. On March 4, 1974, Mrs. Thick
    filed a petition for hearing with the Bureau of Workers' Dis-
    ability Compensation, claiming injury dates of February 17,
    1969, March 17, 1969, and December 7, 1973, as well as an
    occupational disease date of December 7, 1973. The petition
    named both Transamerica and Great American as respondents.
    Mrs. Thick thereafter entered into a redemption agreement
    with Great American for the period that Great American was
    Lapeer's carrier. On May 6, 1976, Mrs. Thick was found to be
    totally disabled as a result of the April 17, 1969, injury and

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 552, 588, 616, 631.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 343, 344, 384.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 584, 587.
Matters concluded, in action at law to recover for same injury, by
    decision of finding made in workmen's compensation proceeding.
    84 ALR2d 1036.

Transamerica, the carrier at the time of the injury, was ordered to pay workers' compensation benefits. The Workers' Compensation Appeal Board sustained the finding of disability as a result of the April 17, 1969, accident but modified the award by finding that Mrs. Thick was only partially disabled and that Transamerica was entitled to receive credit for benefits paid voluntarily by Great American. The Court of Appeals granted Transamerica leave to appeal by order dated May 22, 1980. On appeal, Transamerica contends that the Appeal Board erroneously applied legal principles which are inconsistent with the general principle that work-related aggravation of a preexisting condition is compensable with liability fixed as of the last day of work. Transamerica also contends that it is entitled to credit for the $20,000 Great American paid to Mrs. Thick pursuant to the redemption agreement. *Held:*

1. The Appeal Board majority found that the claimant's disability was caused by the April, 1969, injury and further found that subsequent work incidents neither aggravated the injury nor resulted in a new injury. In the absence of fraud, findings of fact in workers' compensation hearings may not be set aside if such findings are supported by substantial, competent and material evidence. The Appeal Board committed no error in finding as it did.

2. The $20,000 paid by Great American was in settlement of any potential liability it might have had as to the claimant. The fact that the Appeal Board subsequently found only one injury date, April 17, 1969, and, thus, no liability on the part of Great American, should not inure to the benefit of Transamerica. The public policy prohibiting double recovery for the same injury has not been violated. The claimant may retain any benefit gained by the $20,000 redemption agreement.

Affirmed.

1. WORKERS' COMPENSATION — HEARINGS — FINDINGS OF FACT — STATUTES.

Findings of fact in workers' compensation hearings may not be set aside, in the absence of fraud, if the findings are supported by substantial, competent and material evidence (MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — CONCURRENT RECOVERY OF BENEFITS — REDEMPTION.

Concurrent recovery of workers' compensation benefits may be allowed for two separate disabling injuries, even though the claim for the first injury has been redeemed.

3. WORKERS' COMPENSATION — SINGLE DISABLING INJURY — SINGLE
   RECOVERY OF BENEFITS — PUBLIC POLICY.
   A claimant may not twice recover workers' compensation benefits
   for a single disabling injury; public policy prohibits double
   recovery.

*Jerome H. Solomon,* for plaintiff.

*Douglas I. Buck, P.C.,* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

ALLEN, J. Respondent, Transamerica Insurance Group (Transamerica) appeals by leave granted from a September 27, 1979, opinion and order of the Workers' Compensation Appeal Board (Appeal Board), Chairman Gillman dissenting, finding (1) Transamerica liable for compensation payments for an injury sustained by petitioner in April, 1969, and (2) refusing to credit Transamerica for $20,000 paid pursuant to a redemption agreement made by Great American Insurance Company, the carrier on December 7, 1973, the last day of petitioner's work. The second finding presents an issue of first impression.

Petitioner was employed, primarily as a press operator, by respondent Lapeer Metal Products for a ten-year period from 1963 to 1973. On April 17, 1969, petitioner's right leg was smashed between two bins when her foreman drove a hi-lo truck into a scrap bin. Petitioner was standing between the two bins when the incident occurred. She returned to work the next day and asked to be seen by doctors because the injury was bothering her "severely". She was treated by plant physicians for six months but experienced progressively increasing pain. She consulted her own doctor who, following a myelogram, found a herniated

disc. In May, 1970, she was hospitalized, and, on June 1, 1970, the disc was removed by Dr. Herzog, an orthopedic surgeon. Petitioner was off work from April, 1970, until November, 1970, during which time Transamerica voluntarily paid compensation benefits. Petitioner returned to "very light work" in November, 1970, and, except for six weeks in February and early March, 1973, continued working under restrictions of no bending or heavy lifting until December 7, 1973, when she felt a sharp pain in the same area of her back where surgery had been performed. Petitioner has not been regularly employed since December 7, 1973.

On March 4, 1974, petitioner filed a petition for workers' compensation benefits. The petition named both Transamerica and Great American Insurance as respondents and claimed personal injury dates of February 17, 1969, March 17, 1969, and December 7, 1973, as well as an occupational disease date of December 7, 1973. On March 19, 1976, seven weeks prior to the hearing before the administrative law judge, petitioner entered into a redemption agreement for $20,000 with Great American Insurance for the period Great American was on the risk.[1] Following the hearing on May 6, 1976, the administrative law judge found petitioner was totally disabled as a result of the accident on April 17, 1969, and ordered Transamerica, the carrier at the time of the accident, to pay workers' compensation benefits.

Transamerica appealed to the Appeal Board which, on September 28, 1979, in a two-to-one decision, sustained the administrative law judge's finding that petitioner was disabled as a result of the April 17, 1969, accident but modified the award by finding that petitioner was only partially

[1] After June 30, 1969, Great American Insurance was on the risk.

disabled and that Transamerica was entitled to receive credit for the benefits paid voluntarily by Great American Insurance prior to the redemption agreement, but was not to receive any credit for the $20,000 redemption. One member of the Appeal Board disagreed, finding that on December 7, 1973, petitioner's wrenching of her back was a work-related incident which contributed to her disability and thus the case was one of aggravation of the original injury, making the injury date December 7, 1973, the last day worked, but that because Transamerica was not on the risk on that date and Great American had redeemed its liability, petitioner was barred from recovery.[2] Transamerica's application for leave to appeal to this Court was granted on May 22, 1980. Two grounds for reversal of the majority opinion are raised on appeal.

## I

It is first contended that the Appeal Board majority erroneously applied legal principles "inconsistent with the general principle that work-related aggravation of a pre-existing condition is compensable with liability fixed at the last day of work". The flaw in this argument is the assumption that petitioner's injury in April, 1969, was in

---

[2] "Clearly this is (and we so find) a case of multiple injuries and/or the aggravation by work duties of the original surgery residuals, such as to establish under Section 301 an injury date as of December 7, 1973, plaintiff's final day of work [*Regis v Lansing Drop Forge Co,* 25 Mich App 637 (1970); *Gilbert v Reynolds Metal Co,* 59 Mich App 62 (1975); *Gibbs v Keebler Co,* 56 Mich App 690 (1974); and *Kubicsek v General Motors Corp,* 57 Mich App 517 (1975)]. Accordingly, plaintiff's 1969 injury, while the most significant, is merged into the latter date of injury, by operation of Section 301. * * *

"Quite simply, this is a classic two-carrier, two-dates-of-injury dispute. The last day of work is found to be the date of injury. Liability for that date has been redeemed. The prior carrier has no liability. The decision of the referee is reversed."

fact aggravated during the three-year period she was on favored work. Whether events subsequent to June 30, 1969, the date Great American Insurance became the insurer, constituted an "aggravation" of the April, 1969, injury or a new injury is a question of fact. If a new injury or aggravation of the original injury in fact occurred, then liability would fall on Great American and not on Transamerica. *Kubicsek v General Motors Corp,* 57 Mich App 517; 226 NW2d 546 (1975). Conversely, if petitioner's disability resulted from the April, 1969, injury, even though her condition progressively deteriorated, Transamerica alone would be liable for compensation benefits. *Mullins v Dura Corp,* 46 Mich App 52; 207 NW2d 404 (1973). The Appeal Board majority found that petitioner's disability was caused by the April, 1969, injury and further found that subsequent work incidents neither aggravated the injury nor resulted in a new injury. In the absence of fraud, findings of fact in workers' compensation hearings may not be set aside if such findings are supported by substantial, competent and material evidence. MCL 418.861; MSA 17.237(861). *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978). The majority opinion carefully sets forth the facts upon which the majority's conclusion is predicated. Our review of the transcript discloses that the findings are based on substantial, competent and material evidence. We find no error on issue I.

## II

Having determined that only one injury for which benefits are payable is involved, we turn to the question of whether the $20,000 paid petitioner by the subsequent insurer, Great American

Insurance, must be credited to the payments otherwise due petitioner from Transamerica. While there are numerous cases which address the question of the respective liability of different insurers of different employers, the instant case appears to be the first case raising the issue of recovery from different insurers of the same employer, one of which has entered into a redemption agreement.

It is well settled that concurrent recovery may be allowed for two separate disabling injuries, even though the first injury has been redeemed. *Herrala v Jones & Laughlin Steel Corp,* 43 Mich App 154; 203 NW2d 752 (1972), *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979). However, a claimant may not twice recover for a *single disabling* injury. *Stanley v Hinchliffe & Kenner,* 395 Mich 645; 238 NW2d 13 (1976). Public policy is against double recovery for the same injury. *Cline v Byrne Doors, Inc,* 324 Mich 540; 37 NW2d 630 (1949).

Transamerica argues that, since the Appeal Board has determined that there is only one disabling injury in the instant case, allowing petitioner to retain the $20,000 received under the redemption agreement would amount to a double recovery for a single disabling injury. The transcript of the hearing on redemption discloses that the parties did not intend to redeem liability for the April 17, 1969, injury but intended to redeem only such liability as Great American Insurance would have for the period it was on the risk.

"THE COURT: Back on the record.
"Mrs. Thick, you understand what you are doing here? What you are doing is settling not for your original injury where you were pinned by a truck, but you are settling for anything that might have happened from June 30, 1969, up through the last time you ever

worked at Lapeer Metal Products. Do you understand that?

"A. Yes.

"THE COURT: Okay. You understand that any rights you might have for Workmen's Compensation against Lapeer Metal Products prior to June 30, of 1969, you still have. This does not wipe that out. You understand that?

"A. Yes."

Since Great American Insurance did not become the carrier until after April 17, 1969, and since the parties intended to redeem only the liability for anything happening from June 30, 1969 (the date Great American Insurance became the insurer), it follows that petitioner is not twice recovering for liability for the injury which occurred on April 17, 1969. At the time the redemption agreement was entered into, both insurers were parties respondent and petitioner was claiming that two separate injury dates were involved. Thus, both Transamerica and Great American Insurance were potentially liable. Great American Insurance entered into the redemption agreement to relieve its potential liability. The fact that the Appeal Board subsequently found only one injury date and thus no liability on the part of Great American Insurance should not negate the parties' understanding that the $20,000 settlement was in settlement of the second insurer's potential liability. Under these circumstances, we conclude that the public policy prohibiting double recovery for the same injury was not violated and petitioner may retain any benefit gained by the $20,000 redemption agreement.

Affirmed, costs to petitioner.