THICK v LAPEER METAL PRODUCTS

Docket No. 67031. Argued December 6, 1983 (Calendar No. 2).—Decided August 27, 1984. Rehearing denied *post*, 1215.

Marilyn Thick suffered work-related injuries and claimed workers' compensation benefits against her employer, Lapeer Metal Products, and Transamerica Insurance Group and Great American Insurance Company, her employer's insurers. Transamerica was succeeded by Great American as Lapeer's insurance carrier. She entered a redemption agreement with Great American for the period during which it was the insurer. The Workers' Compensation Appeal Board found her condition to be caused solely by an injury suffered during the period that Transamerica was the insurer, but did not deduct from the amount of the award the amount already paid by Great American. Transamerica argued that the board's award amounted to double recovery for a single injury. The Court of Appeals, T. M. Burns, P.J., and Allen and D. F. Walsh, JJ., affirmed, holding that there was no double recovery because there were two separate liabilities (Docket No. 48019). Transamerica appeals.

In an opinion by Justice Boyle, joined by Justices Levin and Brickley, with Chief Justice Williams concurring in a separate opinion, the Supreme Court *held*:

An insurer that does not settle a workers' compensation claim prior to a hearing on the claim may offset liability to the claimant by the amount of a settlement made before the hearing by a second insurance carrier to the extent that the settlement was in satisfaction of the identical claim.

1. Workers' compensation benefits are intended to provide full compensation for injuries sustained, but a double recovery is not favored. At common law, where a settlement with one of two joint tortfeasors is reached in a negligence action in exchange for a release, a judgment against the other tortfeasor is reduced *pro tanto* by the amount of the settlement whether or not the party that settled was liable to the injured person. While the act neither provides for nor forbids setoff by a non-

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 82 Am Jur 2d, Workmen's Compensation §§ 428, 459 *et seq.*

settling insurance carrier, it does support a credit where the benefits are paid or caused to be paid by the employer. Both the statute and case law provide persuasive support for application of a rule to prevent double recovery for what are in fact the same injuries.

2. In this case, benefits are traceable to the plaintiff's employer. Both carriers were insurers of the one employer and were potentially liable for the plaintiff's injury when the claim for benefits was filed. Before the hearing, Great American elected to settle its potential liability. At the hearing, it was determined that the plaintiff's later injuries related back to the earlier injury and that only Transamerica was in fact liable. Implicit in the finding was a determination that all of the plaintiff's employment-related injuries were reducible to a single claim for benefits accruing during the period of Transamerica's liability. Great American's settlement was necessarily subsumed in the award for all injuries, entitling Transamerica to a credit in the settlement amount. Denial of a credit in effect would create a double recovery for the same injuries and allow the plaintiff a windfall not intended by the act.

Chief Justice Williams, concurring, would extend the principle that disfavors a double recovery by a workers' compensation claimant to preclude a windfall to the nonsettling insurer. Public policy favors settlement of claims for workers' compensation benefits. Great American followed the policy and settled with the plaintiff. Transamerica, however, contested liability and delayed the plaintiff's recovery, a result the law seeks to avoid. Because the plaintiff's recovery from Transamerica is reduced by the amount received in settlement from Great American, Transamerica is enriched by not having to pay a liability it owed, and rewarded for not following the public policy favoring settlements. Neither the plaintiff nor Transamerica is entitled to a windfall; deduction of the amount of the settlement from Transamerica's liability to the plaintiff should be conditioned on Transamerica's indemnification of Great American.

Reversed.

Justice Kavanagh, joined by Justices Ryan and Cavanagh, dissenting, would affirm the decision of the board for the reasons given by the Court of Appeals. At the time the redemption agreement was entered into two separate injury dates were claimed, and both insurers were potentially liable. The fact that only one injury date was determined and that Great American was not liable should not negate the understanding of the parties that the settlement pertained to Great Ameri-

can's potential liability. Under the circumstances, the public policy against double recovery was not violated, and the plaintiff should be permitted to retain any benefit gained by the redemption agreement.

103 Mich App 491; 302 NW2d 902 (1981) reversed.

OPINION BY BOYLE, J.

1. WORKERS' COMPENSATION — SETTLEMENTS — DOUBLE RECOVERY.

An insurer that does not settle a workers' compensation claim prior to a hearing on the claim may offset liability to the claimant by the amount of a settlement made before the hearing by a second carrier to the extent that the settlement was in satisfaction of the identical claim.

2. WORKERS' COMPENSATION — SETTLEMENTS — DOUBLE RECOVERY.

The amount of a settlement of a workers' compensation claim by one of two successive insurers of an employer was required to be credited against the amount of an award of benefits for which the other insurer was later determined to be liable even though the insurer that had settled was determined not to have been liable.

CONCURRING OPINION BY WILLIAMS, C.J.

3. WORKERS' COMPENSATION — SETTLEMENTS — DOUBLE RECOVERY — WINDFALLS.

*A workers' compensation insurer that contests its liability to pay benefits while another insurer settles its possible liability on the same claim should not be permitted to deduct the amount of the settlement from an amount it is later determined to be liable to pay on the ground that the worker is not entitled to double recovery without indemnifying the settling insurer for the amount of the settlement.*

DISSENTING OPINION BY KAVANAGH, J.

4. WORKERS' COMPENSATION — SETTLEMENTS — DOUBLE RECOVERY.

*The amount of a settlement by an insurer on a workers' compensation claim should not be deducted from the amount another insurer is subsequently determined to be liable to pay on the ground that retention of the settlement would violate the public policy against double recovery where the settling insurer, although in effect found not liable at the hearing on the other insurer's liability, was potentially liable at the time of the settlement and the parties understood that the settlement pertained only to the first insurer's potential liability.*

*Jerome H. Solomon* for the plaintiff.

*Buck & Mangapora* (by *Michael J. Mangapora* and *Douglas I. Buck*) for Transamerica Insurance Group.

BOYLE, J. At issue in this case is whether a non-settling insurance carrier in a workers' compensation case may offset its liability by the amount of the settlement paid by a second carrier for injuries determined to be covered solely by the non-settling carrier. Both the Workers' Compensation Appeal Board and the Court of Appeals refused to allow such a credit, and the non-settling carrier appeals. We reverse.

I

Plaintiff Marilyn B. Thick suffered a lower back injury in April, 1969, while employed by defendant Lapeer Metal Products Company. The injury necessitated disc surgery and resulted in some time off work as well as a change in work assignment until December 7, 1973, when she experienced a sharp back pain. Plaintiff has not returned to work since that date.

Defendant Lapeer was insured by two carriers successively during the period relevant to plaintiff's claim. Defendant Transamerica Insurance Group insured Lapeer for workers' compensation claims accruing up to and including June 30, 1969, at which time Great American Insurance Company took over the risk. Great American is not a party to this action.

In March, 1974, plaintiff filed a petition for benefits arising from her back condition, naming her employer Lapeer and both carriers as defendants. Before the hearing, Great American agreed to

settle its potential liability by paying plaintiff $20,000. The record of the hearing of approval of the redemption agreement establishes that the hearing referee clarified the settlement as eliminating only the employer's *post-June 30, 1969,* liability *(i.e.,* that insured by Great American) for plaintiff's condition and that any pre-existing liability remained unresolved. The hearing then proceeded against the remaining defendants, Lapeer and Transamerica, as to prior liability.

In short, both the hearing referee and the WCAB found plaintiff's back condition to be solely attributable to her earlier April, 1969, injury. Accordingly, Transamerica was held liable for the full amount of benefits owed from that date forward. The Court of Appeals affirmed, agreeing with the WCAB that Transamerica was not entitled to a credit for the $20,000 settlement paid by Great American. Transamerica appeals, challenging the denial of credit as well as the lower courts' determination that plaintiff's condition is solely attributable to the April, 1969, injury.

## II

In affirming the WCAB's denial of credit to Transamerica for the $20,000 redemption, the Court of Appeals in effect treated the settlement as addressing a separate, later injury. Since the settlement by its terms was limited to post-June 30, 1969, injuries, the Court concluded that plaintiff was "not twice recovering for liability for the injury which occurred on April 17, 1969". *Thick v Lapeer Metal Products Co,* 103 Mich App 491, 498; 302 NW2d 902 (1981). Thus, Transamerica was denied credit notwithstanding the factual finding that only one "injury" had occurred. This result is

inconsistent with the policy against double recovery in workers' compensation cases.

The fundamental principle underlying workers' compensation is full compensation for injuries sustained. Equally clear is the proposition that workers' compensation law does not favor double recovery. See *Stanley v Hinchliffe & Kenner,* 395 Mich 645, 657-659; 238 NW2d 13 (1976); *Cline v Byrne Doors, Inc,* 324 Mich 540, 554-559; 37 NW2d 630 (1949) (BUTZEL, J., *concurring).* In *Stanley, supra,* the petitioner sought compensation benefits from his Michigan employer after having already received benefits for the same injury from his previous California employer. There we applied the foregoing principle to allow the Michigan employer credit for the benefits received in California.

In the instant case, by comparison, the petition for workers' compensation benefits was brought against the employer's two successive insurance carriers for benefits arising from plaintiff's back condition. When the petition was filed, both carriers were potentially liable. Before the hearing, one carrier settled, thereby releasing it from any further liability. After the hearing, it turned out that plaintiff's condition was solely traceable to an injury that predated the settling carrier's period of coverage. Thus, the settling carrier in fact bore no liability and, in hindsight, had improvidently settled.

We conclude that notwithstanding the non-liability of the settling carrier, the resulting judgment against the non-settling carrier must be reduced *pro tanto* by the settlement amount *to the extent that settlement was in satisfaction of the identical claim.* In reaching this result, we depart from the "dual-injury" analysis applied below.

Plaintiff sought benefits to compensate her for an injury or injuries sustained over a period that potentially spanned both carriers' periods of risk. The settling carrier assumed a later injury date and chose to redeem its potential liability. The hearing referee and the WCAB found that the later injuries related back to an earlier injury date that made the non-settling carrier fully liable. Implicit in that finding was a determination that *all* of plaintiff's employment-related back injuries were reducible to a single claim for benefits accruing at the earlier injury date.

We deal solely with an award against the non-settling carrier of benefits arising from *all* of plaintiff's back injuries, and a settlement with the settling carrier arising from *some* of plaintiff's back injuries. We find the conclusion inescapable that the settlement for the later injury is necessarily subsumed by the award for all injuries, and therefore hold that Transamerica is entitled to a credit for the settlement amount. To hold otherwise would ignore the reality of the situation and create two claims where only one was found to exist.

Plaintiff correctly contends that *pro tanto* reduction of a judgment by the amount of a settlement reached is a principle of tort liability,[1] and that

---

[1] This construction of the act parallels the common-law rule that where a negligence action is brought against joint tortfeasors, and one alleged tortfeasor agrees to settle his potential liability by paying a lump sum in exchange for a release, and a judgment is subsequently entered against the non-settling tortfeasor, the judgment is reduced *pro tanto* by the settlement amount. See *Larabell v Schuknecht*, 308 Mich 419; 14 NW2d 50 (1944); see generally 4 Restatement Torts, 2d, § 885(3), p 333; Prosser, Torts (4th ed), § 49, pp 304-305. The principle has been codified by our Legislature at MCL 600.2925d; MSA 27A.2925(4).

Significantly, the settlement is so credited "whether or not the person making the payment is liable to the injured person". 4 Restatement Torts, 2d, § 885(3), p 333; see, *e.g.*, *Miller v Bock Laundry Machine Co*, 64 Ohio St 2d 265; 416 NE2d 620 (1980) (applying Texas

"[m]ost principles of tort law are founded in common law, and, consequently, such principles are not automatically applicable to workers' disability compensation law, unless made applicable by specific legislative enactment", but see *Solo v Chrysler Corp (On Rehearing)*, 408 Mich 345, 351-352; 292 NW2d 438 (1980) (applying equitable principles where workers' compensation statute "neither provides for, nor forbids" rescission of redemption agreement); *Wilson v Doehler-Jarvis Division of National Lead Co*, 358 Mich 510; 100 NW2d 226 (1960) (permitting recovery of interest on a compensation award where statute "neither provides for, nor forbids" such recovery).

Moreover, while our workers' compensation statute does not speak to the precise issue raised by the case at hand, § 811 of the act[2] does support provision of a credit under these circumstances:

"Any savings or insurance of the injured employee, or any contribution made by the injured employee to any benefit fund or protective association independent of this act, shall not be taken into consideration in determining the compensation to be paid under this act, *nor shall benefits derived from any other source than those paid or caused to be paid by the employer as provided in this act, be considered in fixing the compensation under this act.*" (Emphasis added.)

In *Stanley, supra,* we adopted a liberal construction of that section to allow an insurer credit for a recovery obtained out of state, notwithstanding the apparent import of the emphasized language deny-

---

law), *cert den* 451 US 987 (1981); *Duncan v Pennington County Housing Authority*, 283 NW2d 546 (SD, 1979). In addition, "[i]f the payment is made as full satisfaction for a specified item of damage, the claim against the [other tortfeasors] is terminated with respect to that item". 4 Restatement Torts, 2d, § 885, Comment *e*, p 335.

[2] MCL 418.811; MSA 17.237(811).

ing consideration for benefits received from any source *other* than the employer.[3] In reaching that result, we stressed the primacy of the policy against double recovery of workers' compensation benefits, concluding that the crediting of foreign awards "is necessary to avoid injustice and to remain consistent with the principles of workmen's compensation". 395 Mich 659. The instant case, by contrast, involves benefits that are indeed traceable to the *same* employer and hence are to "be considered in fixing the compensation" under that section. No less here than in *Stanley* is the policy against double recovery to be applied to prevent "windfalls not intended by the act". 395 Mich 658.

In sum, not only does the redemption provision of our statute[4] "neither provide for, nor forbid" crediting under these circumstances, but § 811 and the workers' compensation principles enunciated in *Stanley* provide persuasive support for application of a rule to prevent double recovery for what are in fact the same injuries.[5]

Finally, we note that a contrary holding would create an unjustified distinction between plaintiffs employed by successively insured employers and those employed by self- or singly insured employers. As conceded by plaintiff's attorney during argument, the instant situation would not have

---

[3] The Legislature subsequently amended the statute to provide credits for such out of state awards. MCL 418.846; MSA 17.237(846) (effective January 1, 1982).

[4] MCL 418.835; MSA 17.237(835).

[5] Justice BUTZEL's observation in *Cline, supra,* p 557 is particularly apt:

"In the last analysis, there is only one claimant, one employer and one accident. The courts have held that it is neither within the meaning or the spirit of the act to allow double compensation by refusing to give credit for compensation paid for the same accident *by the same employer* or his insurer to the same employee in the making of a second award." (Emphasis added.)

arisen if Lapeer had been self-insured, since the resulting award or settlement would have been addressed to one party. It may be presumed that the same result would obtain if Lapeer were insured by a single carrier during the relevant period. Thus, we find that the mere happenstance of successive carriers insuring Lapeer during the period of plaintiff's injuries should not benefit plaintiff to the extent of an extra $20,000 in compensation benefits. To paraphrase our statement in *Stanley, supra*, p 658:

"To preclude credits would allow claimants to receive windfalls not intended by the act. It would have the effect of allowing some workers to receive more compensation than their fellow employees who suffer from the same occupational disease simply because they [worked for an employer who changed insurance carriers during the period of the workers' disabilities]."

Such a windfall to employees of successively insured employers comports neither with the letter nor the spirit of our workers' compensation scheme.

We recognize that our holding today might reduce the incentive for insurers to redeem claims early, since a dilatory insurer will not have to fear imposition of a higher award that ignores settlements paid by coinsurers. Unaffected by today's holding, however, is the reality that the primary motivation for early settlement is the employer's strategic assumption that an early settlement will be for an amount *lower* than an eventual referee's award.[6] Thus, any incremental incentive provided

---

[6] With respect to the incentive dynamics of the insurer (in this case Great American) that has redeemed early, today's decision does not appear to affect the insurer's decision to redeem early. Whether or not another insurer will be credited with the redemption, the redeeming insurer is still relieved from any further liability and is still

by the prospect of no credit for redemptions paid by other insurers appears marginal when weighed against the policy disfavoring the double recoveries that would otherwise result.

The remaining issue raised by Transamerica, error in the WCAB's finding of an April, 1969, disability date, is without merit. We agree with the Court of Appeals that this finding was based on substantial, competent, and material evidence. See *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 250-254; 262 NW2d 629 (1978).

Reversed.

LEVIN and BRICKLEY, JJ., concurred with BOYLE, J.

WILLIAMS, C.J. I concur with my sister BOYLE's opinion, as to both the result and much of the reasoning. However, I can only justify doing so by carrying the reasoning to its logical conclusion.

My sister BOYLE correctly recognizes that workers' compensation law disfavors a double recovery of compensation as inequitable. The same principle must disfavor the occurrence of a windfall to the insurer.[1]

Transamerica was held liable for the entire disability and compensation award. My sister BOYLE quite correctly holds that the injured worker is not entitled to receive a full recovery from Transamerica in addition to the $20,000

gambling that the redemption amount is less than an eventual referee's award. While that incentive might be further enhanced, and justice better served, by a rule allowing an improvidently redeeming insurer to recover the redemption amount in an action against the insurer determined to be liable, we decline to reach that issue which has been neither briefed nor argued in the instant case.

[1] Justice BOYLE recognizes the possibility of this argument in her footnote 6.

settlement reached with Great American. The full recovery must be reduced by $20,000 to avoid a double recovery. I agree that that is just and the correct result under workers' compensation law principles.

However, I do not find it just that Transamerica, which was liable for full compensation, should receive a $20,000 windfall and that Great American, which, it turns out, had no liability, should be out $20,000.

In justice, one cannot support giving a windfall to Transamerica by giving it the benefit of the settlement paid by Great American to the injured worker to avoid a double recovery to the injured. Why should Transamerica be $20,000 richer by not having to pay a liability it owed, and Great American $20,000 poorer for paying where it had no liability?

It is true that Great American did not have to settle, and perhaps it gained some advantage by settling. But as between Great American and Transamerica, Great American did what public policy favored, namely settled, whereas Transamerica contested liability and delayed recovery by the injured worker, a result the law seeks to avoid. The courts would do a disservice to public policy if they rewarded those who avoided following public policy as against those who pursued it. For this reason, I can only justify denying the injured worker double recovery by deducting from the second insurer's liability if it is understood that the second insurer is not entitled to a windfall, but is liable to indemnify the first insurer whose settlement provided the rationale for reducing the second insurer's total liability *pro tanto*.[2]

---

[2] In footnote 6 of Justice BOYLE's opinion, she observes:
"While that incentive might be further enhanced, and justice better

In conclusion, I justify my concurrence with the result and much of the reasoning of my sister BOYLE by carrying the principle of no windfall one step further, so that neither the worker nor Transamerica is entitled to a windfall, and so that the public policy favoring settlements will be followed.

KAVANAGH, J. *(dissenting)*. The decision of the Court of Appeals affirming the award approved by the Workers' Compensation Appeal Board was correct for the reasons set forth by Judge ALLEN in his opinion for the Court.

Judge ALLEN's observation adequately and accurately demonstrates there was no double recovery for the same injury:

"At the time the redemption agreement was entered into, both insurers were parties respondent and petitioner was claiming that two separate injury dates were involved. Thus, both Transamerica and Great American Insurance were potentially liable. Great American Insurance entered into the redemption agreement to relieve its potential liability. The fact that the Appeal Board subsequently found only one injury date and thus

served, by a rule allowing an improvidently redeeming insurer to recover the redemption amount in an action against the insurer determined to be liable, we decline to reach that issue, which has been neither briefed nor argued in the instant case."

Justice BOYLE makes a good point: the effect of the credit on the improvidently settling insurer was not addressed by the present litigants. This is understandable since the party most concerned with this issue is Great American, which is not a party to this case.

However, I cannot reach my conclusion regarding Transamerica's credit without addressing the right of indemnification in Great American, despite the lack of briefing and argument on this issue, because there is no justification for one without the other.

Finally, in addition, Justice BOYLE argues that "a contrary holding would create an unjustified distinction between plaintiffs employed by successively insured employers and those employed by self- or singly insured employers" *(ante,* p 350). The same argument applies to not recognizing a right to indemnification. But for the second insurer, the first or self-insurer would have been liable for the whole compensation award, and there would have been no windfall to the insurer.

no liability on the part of Great American Insurance should not negate the parties' understanding that the $20,000 settlement was in settlement of the second insurer's potential liability. Under these circumstances, we conclude that the public policy prohibiting double recovery for the same injury was not violated and petitioner may retain any benefit gained by the $20,000 redemption agreement." *Thick v Lapeer Metal Products, Co,* 103 Mich App 491, 498; 302 NW2d 902 (1981).

I would affirm.

RYAN and CAVANAGH, JJ., concurred with KAVANAGH, J.