COMMERCIAL UNION ASSURANCE COMPANY v DOCKINS

Docket No. 74182. Submitted April 16, 1984, at Lansing.—Decided January 16, 1985.

Elmer E. Dockins was injured when he was struck by an automobile during the course of his employment. Commercial Union Assurance Company began paying workers' compensation benefits to Dockins after the accident, which occurred on July 20, 1978. A lawsuit filed by Dockins against the driver of the car that struck him was settled, with Dockins receiving $25,000 as the settlement. Commercial Union Assurance Company filed suit against Elmer E. Dockins in Genesee Circuit Court claiming that it was entitled to reimbursement out of the proceeds of the settlement between Dockins and the driver of the automobile for workers' compensation benefits paid to Dockins beyond the three-year limit set forth in the no-fault statute. The court, Thomas C. Yeotis, J., granted summary judgment in favor of defendant, finding that plaintiff was not entitled to reimbursement because the settlement was solely for noneconomic damages. Plaintiff appealed. *Held:*

Plaintiff is entitled to reimbursement for those monies paid after the three-year no-fault limit and a credit for those amounts due, not to exceed the sum defendant was awarded by the tortfeasor.

Reversed and remanded.

1. WORKERS' COMPENSATION — AUTOMOBILES — NO-FAULT INSURANCE — SUBROGATION — THIRD-PARTY ACTIONS.

The payment of workers' compensation benefits which do not substitute for no-fault insurance benefits, because they exceed no-fault benefits in amount or duration, gives rise to a right of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobile Insurance § 368.

82 Am Jur 2d, Workmen's Compensation §§ 317, 432.

Validity and construction of no-fault automobile insurance plans. 42 ALR3d 229.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

[2] 81 Am Jur 2d, Workmen's Compensation §§ 2, 77.

the workers' compensation carrier to reimbursement from third-party recoveries by an employee injured by a motor vehicle accident in the course of his employment in the same manner as the payment of workers' compensation benefits for other injuries.

2. WORKERS' COMPENSATION — DOUBLE RECOVERIES.

The fundamental principle underlying workers' compensation is full compensation for injuries sustained; equally clear is the proposition that workers' compensation law does not favor double recovery.

*Mellon & McCarthy* (by *Steve J. Weiss*), for plaintiff.

Before: D. E. HOLBROOK, JR., P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Plaintiff appeals as of right from the order granting defendant's motion for summary judgment. Defendant had been injured when he was struck by an automobile during the course of his employment. Plaintiff is the insurance company which has been paying defendant his workers' compensation benefits since the accident on July 20, 1978. On appeal plaintiff asserts it is entitled to reimbursement for benefits paid beyond the three-year limit set forth in the no-fault statute from proceeds that defendant received from the action arising out of the automobile accident. Defendant received a settlement of $25,000 from the driver of the automobile.

The trial court granted summary judgment relying on its interpretation of *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980). It concluded that plaintiff was not entitled to reimbursement because the settlement was solely for noneconomic damages. We find that the trial court erred. This rule applies only when the workers'

---

* Circuit judge, sitting on the Court of Appeals by assignment.

compensation benefits are a substitute for no-fault benefits. MCL 500.3109(1); MSA 24.13109(1), and *Queen, supra,* pp 87-88. In the instant case, plaintiff is paying benefits that exceed what defendant would have obtained via no-fault coverage. As the Supreme Court said in *Queen, supra,* p 97:

"Thus, the payment of workers' compensation benefits which do not substitute for no-fault benefits, because they exceed no-fault benefits in amount or duration, gives rise to a right to reimbursement from third-party tort recoveries in the same manner as the payment of workers' compensation benefits for non-motor vehicle related injuries."

Accordingly, defendant is required to reimburse plaintiff for any damages awarded in a tort action, as long as the amount does not exceed what was received under workers' compensation benefits.

"The employee is thus permitted to rest content with a workers' compensation award or to pursue his tort remedy and reimburse the employer or insurer for any amounts received under the workers' compensation act. Because he need not repay more than he recovered in tort, the employee in effect recovers under the more generous of the two systems—tort or workers' compensation—but not both. This was our holding in *Pelkey v Elsea Realty & Investment Co,* [394 Mich 485; 232 NW2d 154 (1975)]." *Queen, supra,* p 89.

To allow defendant to retain the monies awarded would provide him with a double recovery, as in the instant case plaintiff is paying benefits that exceed what defendant would have received under the no-fault act since the duration clearly exceeds the three-year limit. MCL 500.3107(b); MSA 24.13107(b).

"The fundamental principle underlying workers' com-

pensation is full compensation for injuries sustained. Equally clear is the proposition that workers' compensation law does not favor double recovery." *Thick v Lapeer Metal Products,* 419 Mich 342, 347; 353 NW2d 464 (1984).

We cannot allow a result that provides defendant with a double recovery.

Therefore, we find that plaintiff is entitled to reimbursement for those monies paid after the three-year no-fault limit and a credit for those amounts due, not to exceed the sum defendant was awarded by the tortfeasor. As plaintiff's other issue is only an alternative theory of recovery, we need not discuss it here.

Reversed and remanded in accordance with this decision. Costs to appellant.